UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

MICHAEL McCLOUD, PRO-SE, PLAINTIFF,

    -against-

MARK S. COSSUTO, JOSEPH J. LORENZI, OMAR HASHMI,

MICHAEL CHACHURA, K. WARD, DALE FONG-FREDERICK,

                  DEFENDANTS.

-----------------------------------------------------------------------------X

CIVIL COMPLAINT

NUMBER:_____

**24-cv-3372-HG-LB**

## JURISDICTIONS:

Title 42 U.S.C. Section 1983 - Civil Rights Violations; Title U.S.C. Section 241 – Conspiracy Violations; United States Constitutions 5th and 6th and 8th and 14th Amendments Rights Violations; and in addition to those violations; Plaintiff sustained physical and mental hardship/damages; I caught, at the same time, the Covid-19 disease and the pneumonia disease in both of my lungs, because I had to travel on buses and trains from Virginia State to Brooklyn, New York, over about 40-times, because of Docket #CR-004096-23KN, and I almost died from those diseases, the emergency room (E.R.) saved my life. I am 65 years old and I have under line medical conditions. I gave the diseases to my wife and she almost died and the E.R. saved her life. My wife is 71 years old and she has under line medical conditions.

    Defendants Hashmi and Lorenzi, acted jointly and or individually, recklessly, neglectly, indifferently, illegally and with malice, in disregards to Plaintiff's mental and physical health and well being, when they conspired and knocked me out while I was handcuffed with injection drug(s) and by force with out my consent withdrew blood from my arm; putting me at risk for potentially life threatening conditions and experience loss of consciousness and at risk of coma and death from respirator arrest...absence of breathing.

    Defendant Cossuto acted arbitrarily and capriciously against me when he hugged me placing his nose within one inch from my face smelling my breathe, in the hallway from the Courtroom door, to see if I had been drinking alcohol. And defendant Cossuto stated to me: "If I had smelt alcohol on your breathe, I would have told the judge to order a alcohol test on you today, when you appear before the judge and have you arrested."

## PRIOR LAWSUIT:

Plaintiff have not filed no lawsuit relating to the claims in this Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES:

Plaintiff have not filed no grievance relating to the issues in this complaint, because defendant Cossuto threaten Plaintiff to have bodily harm done to Plaintiff, if Plaintiff complain to anyone. However, in this Federal Civil Rights Violations Complaint, Plaintiff will state what those threats are.

### PLAINTIFF'S ADDRESS:

Michael McCloud, 312-West Chamberlin Avenue, Hampton, Virginia, 23663. #757-243-6148.

### DEFENDANTS' ADDRESSES:

1. Mark S. Cossuto, Esq., 26-Court Street, Suite-314, Brooklyn, New York, 11242. #718-852-8047.
2. Joseph J. Lorenzi, Police Officer, 90th Precinct, 211-Union Avenue, Brooklyn, New York, 11211, #718-963-5311.
3. Omar Hashmi, Physician, Brooklyn Hospital Center, 121-Dekalb Avenue, Brooklyn, New York, 11201. #718-252-8000.
4. Michael Chachura, Assistant District Attorney, 350-Jay Street, Brooklyn, New York, 11201. #718-250-3292.
5. K. Ward, Judge-Kings County Criminal Court, 120-Schermerhorn Street, Brooklyn, New York, 11202. #646-386-4500.
6. Dale Fong-Frederick-Judge-Kings County Criminal Court, 120-Schermerhorn Street, Brooklyn, New York, 11201. #646-386-4500.

### FACTS OF THE COMPLAINT:

During the periods of February 2 and 3, 2023, May 4, 2023, July 19, 2023, September 27, 2023, October 2, 2023, November 20, 2023 and December 11, 2023, the following events occurred:

### GROUND ONE:

Defendant Cossuto gave Plaintiff ineffective, inadequate assistance of counsel. Defendant Cossuto is an attorney and Plaintiff gave him $5,000.00 for him to represent Plaintiff on Docket #CR-004096-23KN, Kings County Criminal Court, Brooklyn, New York. (Plaintiff never signed a legal contract for defendant Cossuto to represent Plaintiff).

(a) Plaintiff told defendant Cossuto that : "I have a hearing disability", and defendant Cossuto ignored what I said.
(b) Defendant Cossuto submitted frivolous motions to the court, postponing Plaintiff's case, giving the assistant district attorneys more time so Plaintiff could not ask for dismissal of the case, based on speedy trial rights violations.

Nor did defendant Cossuto discussed the motions with Plaintiff and he did not show the motions to Plaintiff and he never gave Plaintiff a copy of the motions, upon Plaintiff's requests.

(c) Plaintiff told defendant Cossuto that defendants Lorenzi and Hashmi, knocked Plaintiff out with drug(s) injection on February 2, 2023 and by force without Plaintiff's consent, while Plaintiff was knocked out, withdrew blood from Plaintiff's arm. Defendant Cossuto ignored what I told him and he ignored that legal issue.

(d) Plaintiff told defendant Cossuto that defendant Lorenzi stopped me while I was driving my vehicle and arrested me based on information defendant Lorenzi alleged he received from Reuren Gomba; I asked defendant Cossuto for a copy of Gomba's sworn supporting statement to what defendant Lorenzi alleged for the basic why he stopped me and arrested me and defendant Cossuto told me there is no sworn supporting statement from Gomba. I asked defendant Cossuto can the case be dismissed on that ground and defendant Cossuto ignored that legal issue.

(e) Plaintiff asked defendant Cossuto for a copy of the chain of custody report(s) relating to the blood taken by force from me on February 2, 2023, that is being used against me in this case and defendant Cossuto told me there is no chain of custody report(s) relating to the blood and defendant Cossuto ignored that legal issue.

(f) Plaintiff told defendant Cossuto that my last D.W.I. conviction in New York State occurred September 20, 1993, 30 (Thirty) years from when the February 2, 2023 D.W.I. arrest occurred. I also, told defendant Cossuto that page-4 of my Finerprint Response Summary erroneously stated the February 2, 2023 D.W.I. occurred within 10 years of my last D.W.I. I ask defendant Cossuto to raised that legal issue and defendant Cossuto stated: "Fuck that, I'm not raising shit." That erroneous information caused me to be adjudicated, aggravated D.W.I. with a very hash sentence..i.e..3 years probation, 3 years inter lock to start any vehicle I own, 1 year license suspension, $1,000.00 fine plus $370.00 surcharge, etc. etc. My D.W.I. record do not sustain the adjudication for aggravated D.W.I. I also told defendant Cossuto, under The Commonwealth of Virginia Law, after 5-years the D.W.I. conviction can't be used in Virginia; in other words my record stand as zero conviction because of Virginia's statute of limitation law. My last D.W.I. conviction in Virginia occurred over 5 years ago. New York State must obey The Commonwealth of Virginia's Constitutional Law/Statute, and defendant Cossuto ignored that legal issue. New York State Law Statute of Limitation for a class B felony is 10 years. In other words if a person commit a class B felony 10 years ago prior to current class B felony it is deemed one felony.

(g) Plaintiff told defendant Cossuto that defendant Lorenzi's sworn supporting statement to his 2/2/2023 arrest of me is dated 4/25/2023; and defendant Cossuto ignored that legal issue

(h) Plaintiff told defendant Cossuto that defendant Lorenzi never advised Plaintiff of his Miranda Rights when he arrested Plaintiff on 2/2/2023, and defendant Cossuto ignored that legal issue.

(i)     On __May__ 4, 2023 Plaintiff called defendant Cossuto on the phone seeking legal/lawful representation and as we were talking, I told defendant Cossuto that the judge that presided over my case today was a black man and with a bald head and defendant Cossuto stated: "Yes, I know the nigger, he think he know it all, he is a dumb motherfucker."
Plaintiff identified that judge in this complaint as Dale Fong-Frederick.

(j)     Plaintiff appeared again before defendant Fong-Frederick and defendant Cossuto stated to me, I gave that nigger (defendant Fong-Frederick) $500.00 the other day do the nigger will continue doing what ever I tell him to do with the cases that come before him. I asked defendant Cossuto what did he pay that judge to do on my case and defendant Cossuto said to convict your ass and send you to Rikers Island if you go to trial before him.

(k)     On October 2, 2023 Plaintiff appeared before defendant Ward and defendant Cossuto told me that he and Ward have decided it I go to trial, before Ward, I will be convicted and sentenced to Rikers Island. I then told defendant Cossuto that it is illegal for him and the judge to plot to convict me and sentence me to Rikers Island and defendant Cossuto stated: "I had sex with judge Ward last week, I got her in the palm of my hands and she do what I tell her to do."

(l)     On December 11, 2023 after defendant Fong-Frederick sentenced me, defendant Cossuto told me to come to the hall-way, out side the door of the courtroom, and defendant Cossuto stated to me: "That nigger did what I told him to do; and that nigger probation officer Gripper stated in your probation report what I told her to say.

(m)    Defendant Cossuto told me: "The man that you killed in 1975 when you was 16 years old in Suffolk County, New York, was a friend of my family, Joshua did a back ground check on you, if you go to Rikers Island you will be found dead in your cell, I know a lot of correctional officers that work at Rikers Island."

All of my in-person conversations with defendant Cossuto, I recorded it on my tracphone, in the hall-way of the court rooms.

GROUND TWO:

Defendants Chachura, Lorenzi, Hashmi and Cussuto are trying to cover up the fact that defendants Hashmi and Lorenzi withdrew blood by force from my arm after defendant Hashmi gave me an injection that knocked me out, in violations of my herein said rights.

GROUND THREE:

Defendants Cossuto, Ward, and Fong-Frederick violated my herein said rights based on the factual statements herein stated.

-4-

## GROUND FOUR:

Defendants Lorenzi violated my herein said rights when he stopped me as I was legally driving my vehicle and arrested me, and caused me to be jailed for 1-day; all without probable cause.

## GROUND FIVE:

Plaintiff took defendant Cossuto's threats and his personal relationships with defendants Ward and Fong-Frederick, very serious and Plaintiff feared what defendant Cossuto said to Plaintiff.

## GROUND SIX:

Defendants Cossuto, Chachura, Ward, and Fong-Frederick conspired jointly or individually violating my herein said rights, when they knowingly knew I have a hearing disability and they knew I could not hear everything being said in courts, etc., etc.. Plaintiff's herein said rights were violated because Plaintiff was unable to hear completely everything being said in courts by the judges, assistant District Attorneys and Cossuto because of Plaintiff's hearing disability that herein said defendants knew about.

## GROUND SEVEN:

1. Defendant Cossuto told me that his son Joshua also discovered that I went to trial on a assault charge filed against me by Brenda Thomas, (Brenda Thomas is my ex-girl friend), and a rape charge filed against me by Brenda's sister, Paullete.
2. The charges were filed against me by Kings County, Brooklyn, New York, District Attorney, on the same day.
3. I went to trial on those charges in Kings County, Brooklyn, New York, and I had a trial by Judge and the charges were dismissed and expunged from my record.
4. I told defendant Cossuto that Kings County, Brooklyn, New York, Legal Aid said they could not represent me on the assault and rape charges because they represented Brenda and Paullete on prior criminal charges in Kings County.
5. Defendant Cossuto told me that him and defendant Chachura discussed that issue and defendant Cossuto stated we decided to keep that issue buried.
6. Kings County Legal Aid represented me on Docket #CR-004096-23KN in Kings County Criminal Court from February 3, 2023 to March 24, 2023.
7. It was illegal, unlawful, unconstitutional, arbitrarily and capricious for Kings County Legal Aid to represent me, after it had been determined they could not represent me because there exist a conflict of interest.

8. The conflict of interest between me and Kings County Legal Aid, resulted in me not having adequate, effective, etc., etc., assistance of counsel.

9. On February 3, 2023 to March 23, 2023, Plaintiff did not have legal assistance of counsel when I appeared in Court, pursuant to the Constitutional Laws.

10. Defendants Cossuto and Chachura conspired individually and or jointly, covering up the fact that it was a conflict of interest for Kings County Legal Aid to represent me from February 3, 2023 to March 23, 2023; interfering with Plaintiff's 5th, 6th, 8th and 14th Constitutional Amendments Rights to have Docket #CV-004096-23KN dismissed on legal grounds.

11. Based on the herein facts Plaintiff had a conflict of interest attorney at arrangement in court from February 3, 2023 to March 23, 2023.

RELIEFS SOUGTH:

1. A Jury Trial.
2. That no form of retaliations be taken against Plaintiff by no one or no ones, because Plaintiff filed this lawsuit.
3. That Defendant Cossuto pay back to Plaintiff the $5,000.00 that Plaintiff gave to him.
4. I seek $50.000 in punitive and compensatory damages from defendant Ward.
5. I seek $50.000 in punitive and compensatory damages from defendant Fong-Frederick.
6. I seek $100,000 in punitive and compensatory damages from defendant Lorenzi.
7. I seek $100.000 in punitive and compensatory damages from defendant Chachura.
8. I seek $100.000 in punitive and compensatory damages from defendant Hashmi.
9. I seek $200.000 in punitive and compensatory damages from defendant Cossuto.
10. That defendants Lorenzi and Chachura return back to Plaintiff, Plaintiff's 1997 Mercury Mountaineer vehicle and the keys to the vehicle and the key to the B.M.W. vehicle and the key to Plaintiff's home door.

AFFIRMATION:

I Michael McCloud, pro-se, Plaintiff, affirm under the penalty of perjury that all information herein stated are of Plaintiff's personal knowledge and are true and any statements herein stated upon information and belief, all Plaintiff believe to be true.

Dated: May 4, 2024.

Respectfully submitted,

*Michael McCloud*

Michael McCloud, Pro-Se, Plaintiff, #757-243-6148.
312-West Chamberlin Avenue, Hampton, Va., 23663.

-6-

Mr. Michael Mccloud
312 Chamberlin Ave W
Hampton, VA 23663-1456

9589 0710 5270 0488 7559 32

Retail

U.S. POSTAGE PAID
FCM LG ENV
HAMPTON, VA 23670
APR 30, 2024
11201
$11.84
RDC 99    R2308M154779-23




FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 03 2024 ★
BROOKLYN OFFICE

pro-se clerk office, Brooklyn, New York, United State District Court, Eastern District of New York, 225- Cadman plaza East, Brooklyn, New York, 11201.