UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL MCCLOUD,

                            Plaintiff,

               v.

MARK S. COSSUTO, JOSEPH J. LORENZI,
OMAR HASHMI, MICHAEL CHACHURA,
K. WARD; and DALE FONG-FREDERICK,

                            Defendants.

**MEMORANDUM & ORDER**
24-CV-3372 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Michael McCloud filed this *pro se* fee-paid action on May 7, 2024.   ECF No. 1 (Complaint).   In the Complaint, Plaintiff alleges civil rights violations, conspiracy violations and violations of the Fifth, Sixth, and Fourteenth Amendments, among other claims.   ECF No. 1 at 1.   For the reasons stated herein, the Court dismisses Plaintiff's claims against Defendants K. Ward and Dale Fong-Frederick.   The case may proceed against the Defendants Joseph J. Lorenzi, Mark S. Cossuto, Michael Chachura, and Omar Hashmi.

## BACKGROUND

The following factual allegations are taken from the complaint and are assumed to be true for purposes of this Order.   Plaintiff was prosecuted in Kings County Criminal Court under Docket No. CR-004096-23KN, pursuant to his arrest on February 2, 2023.   ECF No. 1 at 1, 3. Plaintiff contends that he was arrested without probable cause by Defendant Joseph J. Lorenzi, a police officer at the 90th Precinct.   *Id.* at 5.   According to the Complaint, after Plaintiff was arrested, Defendant Omar Hashmi, a physician at Brooklyn Hospital Center, and Defendant Lorenzi forcibly injected Plaintiff with drugs and drew his blood without his consent, thereby "putting [Plaintiff] at risk for potentially life[-] threatening conditions."   *Id.* at 1–3.   During the

prosecution, Plaintiff traveled by bus and train from his home in Virginia to appear in court in Brooklyn approximately 40 times.  *Id.* at 1.  Plaintiff alleges this travel caused Plaintiff to contract Covid-19 and pneumonia, and he almost died from these diseases.  *Id.*

Separately, Plaintiff contends that Defendant Mark Cossuto provided ineffective assistance of counsel during Defendant Cossuto's representation of Plaintiff in his criminal case, describing instances in which Defendant Cossuto allegedly:   (a) threatened to have Plaintiff arrested if he smelled like alcohol; (b) threatened harm to Plaintiff if Plaintiff complained to anyone; (c) submitted frivolous motions; (d) agreed to postpone Plaintiff's case; and (e) ignored Plaintiff's requests to raise various factual and legal issues with the court in his criminal case. *Id.* at 2–3.  Plaintiff also claims that Defendant Cossuto used offensive language to describe the judges presiding over Plaintiff's proceedings and claimed to have bribed and compromised the judges.  *Id.* at 4.  Plaintiff further asserts that Defendant Cossuto threatened him in connection with a 1975 homicide.  *Id.*

Plaintiff further alleges that Defendants Cossuto, Lorenzi, Hashmi and Defendant Michael Chachura, the Assistant District Attorney on Plaintiff's criminal case, are attempting to cover up the fact that Defendants Hashmi and Lorenzi forcibly drew Plaintiff's blood and caused him to become unconscious.  *Id.* at 4.  Plaintiff asserts that the judges who presided over his criminal trial and sentencing hearing, Defendant K. Ward and Defendant Dale Fong-Frederick, along with Defendants Cossuto and Chachura, violated his rights because they knew that Plaintiff had a hearing disability and could not hear everything that was said in court.  *Id.* at 2, 5.

Plaintiff also references a prior assault and rape case filed against him that was dismissed and expunged.  *Id.* at 5.  In that case, Plaintiff alleges that the Brooklyn Legal Aid Society told Plaintiff that it could not represent him because it had previously represented the complaining witnesses on separate charges.  *Id.*  Nonetheless, Brooklyn Legal Aid represented Plaintiff in

the prosecution stemming from his arrest on February 2, 2023.  *Id.*  Plaintiff asserts that Defendants Chachura and Cossuto conspired to cover up this potential conflict, "interfering with Plaintiff's 5th, 6th, 8th and 14th Constitutional Amendments Rights to have Docket #CR-004096-23KN dismissed on legal grounds."  *Id.* at 6.

Plaintiff seeks punitive and compensatory damages from Defendants and the return of seized property.  *Id.* at 6.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings.  *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020).

## DISCUSSION

Although Plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case or claims, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter.  *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d

---

[1]   Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

362, 363–64 (2d Cir. 2000) ("district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"); Fed. R. Civ. P. 12(h)(3).   "A complaint will be dismissed as 'frivolous' when it is clear that the defendants are immune from suit."   *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

Plaintiff's claims against Defendants Ward and Fong-Frederick must be dismissed because these Defendants are entitled to judicial immunity.   Judges and their supporting personnel have absolute immunity from suits alleging injuries arising out of judicial acts performed in their judicial capacities.   *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").   "Under the doctrine of absolute judicial immunity, judges are subject to suit only for (1) non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or (2) actions, though judicial in nature, taken in the complete absence of all jurisdiction."   *Kapsis v. Brandveen*, No. 09-cv-01352, 2009 WL 2182609, at *1 (E.D.N.Y. July 20, 2009).   Indeed, judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error or was in excess of his authority."   *Mireles,* 502 U.S. at 11, 13.   Plaintiff's claims against Defendants Ward and Fong-Frederick only concern their involvement in presiding over Plaintiff's criminal case and sentencing him.   ECF No. 1 at 4–6.   Because Defendants Ward and Fong-Frederick were performing judicial acts within their judicial capacities, they are immune from suit for damages.   Accordingly, the claims against Defendants Ward and Fong-Frederick are dismissed as frivolous.

**CONCLUSION**

For the reasons set forth above, Defendants Ward and Fong-Frederick are dismissed from this case.   These Defendants are not required to respond to the complaint.

In order to proceed against the remaining Defendants, Plaintiff must have the remaining Defendants served with the summons and complaint within 90 days after the complaint was filed and file with the Court proof of service of the Complaint and Summons.   Fed. R. Civ. P. 4(m) and (l).   Accordingly, if proper service of the Complaint and Summons is not made upon the remaining Defendants by **August 5, 2024**, or if Plaintiff fails to show good cause as to why such service has not been made, the action will be dismissed without prejudice.

The case is referred to Magistrate Judge Lois Bloom to supervise all pretrial matters.

Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge


Dated: Brooklyn, New York
       June 24, 2024

5